# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**LUTHER LILLY,**
**Claimant Below, Petitioner**

**FILED**
June 8, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 16-0638** (BOR Appeal No. 2051066)
                    (Claim No. 2011027115)

**BRUCE ALLEN, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Luther Lilly, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Bruce Allen, Inc., by Steven K. Wellman, its attorney, filed a timely response.

The issue on appeal in this case is whether an anterior/posterior lumbar fusion at L4-5 and L5-S1 should be authorized. On January 31, 2015, the claims administrator denied a request for authorization of an anterior/posterior lumbar fusion at L4-5 and L5-S1. The Office of Judges affirmed the decision on January 27, 2016. On June 7, 2016, the Board of Review affirmed the Office of Judges' Order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Lilly, a heavy equipment operator, was injured on January 25, 2011, while repetitively bending, twisting, and lifting bags of concrete. The claim was held compensable for a lumbar sprain/strain, herniated disc, and radiculopathy. Mr. Lilly was treated by Matthew Walker, M.D., on April 6, 2011. Dr. Walker conducted a physical examination and reviewed diagnostic testing which showed degenerative disc disease, most significant at L4-5 and L5-S1. He recommended that Mr. Lilly continue physical therapy and stop smoking.

Marsha Bailey, M.D., performed an independent medical evaluation on February 14, 2012. Mr. Lilly reported constant pain in the upper lumbar spine radiating into the lower lumbar

1

spine, buttocks, thighs, calves, and feet. Dr. Bailey opined that he suffered from chronic low back pain without true radiculopathy. She found that his expectations following surgery were unrealistic. Mr. Lilly indicated he was interested in seeing Dr. Walker's partner, John Schmidt, M.D., and stated that if Dr. Schmidt would not perform the operation, he would find someone who would. Dr. Bailey noted that he had unrealistic expectations for the surgery. Dr. Bailey suggested that he return to Dr. Walker for reevaluation. If he did not undergo back surgery, she found that an 8% impairment rating was appropriate, representing 4% for degenerative disc disease and 4% for the compensable injury.

A treatment note by Dr. Walker dated October 11, 2012, indicates that Mr. Lilly was seen three months post left L4-5 microdiscectomy. He still had significant lower back pain and no significant improvement of his leg pain. An MRI taken on October 3, 2012, showed degenerative disc disease at L4-5 and L5-S1. Dr. Walker diagnosed spondylosis and recommended that Mr. Lilly see Andrew Thymius, D.O., a pain medicine specialist.

On December 6, 2012, Dr. Bailey performed a second independent medical evaluation. She diagnosed chronic low back pain with left radiculopathy. She described Mr. Lilly as highly pain focused. She disagreed with Dr. Thymius's recommendation of additional surgery. She found that he had reached maximum medical improvement. She opined that Mr. Lilly's present complaints were related to the compensable injury. Though he had mild, preexisting degenerative changes of the lumbar spine, it did not account for the majority of his ongoing symptoms. She recommended 10% whole person impairment.

In a letter to the claims administrator, Dr. Walker indicated that he saw Mr. Lilly that day and he still had significant pain. Mr. Lilly disagreed with Dr. Bailey's assessment of maximum medical improvement. Dr. Walker opined that there was a 60% chance that a lumbar fusion would improve Mr. Lilly's pain and requested approval for a second opinion. In a treatment note on December 10, 2013, Dr. Walker stated that Mr. Lilly had gotten a second opinion from Sandy Emery, M.D., who did not see Mr. Lilly in person but did review the diagnostics studies. Dr. Emery did not recommend the fusion. On October 4, 2013, an MRI showed degenerative changes at L4-5 and L5-S1 without herniation. Dr. Walker stated that though he and Mr. Lilly had discussed fusion previously, he now believed that surgery would not be helpful.

On August 26, 2014, Dr. Thymius recommended a lumbar discography to see if the painful disc could be identified for possible spinal fusion. The results showed that the pain was coming from the L4-5 and L5-S1 discs. Mr. Lilly was then treated by Rajesh Patel, M.D., on October 27, 2014. Dr. Patel noted that Mr. Lilly had previously undergone a discectomy without much improvement of his pain. Dr. Patel diagnosed annular tears at L4-5 and L5-S1, lumbar radiculitis, lumbago, discogenic back pain, and lumbar post-laminectomy syndrome. He recommended a fusion and opined that there was a two out of three probability of improvement.

A.E. Landis, M.D., disagreed with a L4-5 and L5-S1 fusion in a November 18, 2014, independent medical evaluation. He stated that the procedure was highly unlikely to be of benefit to Mr. Lilly given his prior response to conservative treatment. The recovery would take a year

and would not allow him to return to any gainful employment. Dr. Landis recommended a back brace and a trial spinal cord stimulator.

Saghir Mir, M.D., performed an independent medical evaluation on October 26, 2015, in which he diagnosed status post microdiscectomy, early minimal degenerative changes at L4-5 and L5-S1, and post-surgical changes causing irritation of the left L5 nerve root. He opined that Mr. Lilly's symptoms were mostly related to the compensable injury. Dr. Mir stated that he saw no indication for a fusion at L4-5 and L5-S1. He stated that there was very minimal evidence of degenerative discs and opined that surgery would not help Mr. Lilly.

The claims administrator denied a request for authorization of an anterior/posterior lumbar fusion at L4-5 and L5-S1 on January 31, 2015. The Office of Judges affirmed the decision in its January 27, 2016, Order. It found that Drs. Walker, Patel, Landis, and MRI are all orthopedic surgeons while Drs. Bailey and Thymius are not. Drs. Mir, Landis, and Patel treated Mr. Lilly on one occasion, whereas Dr. Walker saw him multiple times. After reviewing the most recent diagnostic testing and having seen Mr. Lilly on numerous occasions, Dr. Walker recommended against surgery. His opinion was supported by the reports of Drs. Landis and Mir. Dr. Patel, who recommended surgery, was only supported by Dr. Thymius, who acted as Mr. Lilly's pain management physician. In the absence of a second orthopedic surgeon supporting Dr. Patel's recommendation for surgery, the Office of Judges concluded that a preponderance of the evidence supported the claims administrator's denial of the surgery. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on June 7, 2016.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. A preponderance of the medical evidence indicates that Mr. Lilly would not benefit from the requested surgery. Multiple independent medical evaluations and the treatment notes of Dr. Walker support this conclusion. The only evidence in favor of surgery was the opinions of Dr. Patel and Dr. Thymius. The Office of Judges and Board of Review properly found that their opinions were not persuasive in light of the other evidence of record.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: June 8, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Elizabeth D. Walker

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum